RETIREMENT — MANPOWER PROGRAM OPERATORS UNDER INTERLOCAL COOPERATION ACT The employees of Manpower Program Operators created by 74 O.S. 1001 [74-1001] et seq. (1971), are not eligible to participate in the Oklahoma Public Employees Retirement System in that they are not employed by an eligible employer as defined in 74 O.S. 902 [74-902](14) (1975). The Attorney General is in receipt of your opinion request wherein you ask, in effect, the following question: Whether the employees of Manpower Program Operators, an entity created pursuant to the Interlocal Cooperation Act, 74 O.S. 1001 [74-1001] et seq. (1971), are eligible to participate in the Oklahoma Public Employees Retirement System, 74 O.S. 901 [74-901] et seq. (1971). Your letter indicates that Manpower Program Operators (MPO) created pursuant to the Interlocal Cooperation Act, 74 O.S. 1001 [74-1001] et seq. (1971), whereby several Oklahoma counties entered into an agreement to provide training and employment for unemployed, underemployed, and economically disadvantaged residents under the Comprehensive Employment and Training Act, P.L. 93-203, 87 Stat. 839, as amended. Title 74 O.S. 902 [74-902](14) (1975), provides in part as follows: "'Eligible employer,' the State of Oklahoma and any county, county hospital, city or town, and any public or private trust in which a city or town participates and is the primary beneficiary is to be an eligible employer for the purpose of this act only . . ." This statutory definition assigns five categories to the term "eligible employer": (1) the State of Oklahoma; (2) any county; (3) county hospital; (4) city or town; and, (5) any public or private trust in which a city or town participates and is the primary beneficiary. Your question requests a determination by this office that a separate contracting entity created by the joint agreement between several counties under the Interlocal Cooperation Act, 74 O.S. 1001 [74-1001] -74 O.S. 1008 [74-1008] (1971), falls within one of the above-enumerated categories so as to participate and qualify under the Retirement System. It should be observed that the Interlocal Cooperation Act was enacted for the purpose of permitting local governmental units to make the most efficient use of their power by enabling them to cooperate with other localities on a basis of mutual advantage and thereby to provide services and facilities in a manner and pursuant to forms of governmental organization that will best accord with the geographic, economic, and population factors influencing the needs and development of local communities. Recent decisions of the Oklahoma Supreme Court have attempted to recognize the legal status of those entities created under the Act. In the recent Oklahoma decision of Pease, et al. v. Board of County Commissioners, Osage County, Vol. 47 O.B.J., page 1215 (1976), the Court acknowledged in the body of its opinion: "It (agreement) creates an organization or council that the law recognizes as having a legal existence and thus is a legal entity." It should be remembered that the cardinal rule of statutory construction is to ascertain the intention of the Legislature, which should ordinarily be done by consideration of the language in the statute. (See City of Bristow, ex rel. Hedges v. Groom, 194 Okl. 384,151 P.2d 936 1944.) As further recognized in McVicker v. Board of County Commissioners of Caddo County, 442 P.2d 297
(1968), the court, quoting from a previous opinion, stated at page 302: "All courts recognize that if the wording of a provision of a statute or construction is plain, clear and unambiguous, its evident meaning must be accepted and there is no reason or justification for the use of interpretative devices to fabricate a different meaning." The provisions of the Oklahoma Public Employees Retirement System do not allow a separate contracting entity established by participating units of local governments pursuant to the Interlocal Cooperation Act to become an "eligible employer" within the System. Manpower Program Operators simply exists as a separate contracting entity (see Pease, supra), and whatever function it performs, whether governmental or proprietary in nature, has no bearing upon its status as an eligible employer under the System. It remains the duty of the Legislature to designate those employers eligible under the System, and if the intent of the Legislature be to include those entities created pursuant to the Interlocal Cooperation Act as an "eligible employer" under the System, such an inclusion may be remedied by appropriate legislation. It is, therefore, the opinion of the Attorney General that your question be answered in the negative. The employees of Manpower Program Operators created by 74 O.S. 1001 [74-1001] et seq. (1971), are not eligible to participate in the Oklahoma Public Employees Retirement System in that they are not employed by an eligible employer as defined in 74 O.S. 902 [74-902](14) (1975). (JAMES H. GRAY) (ksg)